IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HARMONY HAUS WESTLAKE, L.L.C., et al., | § § § § |
| Plaintiffs and Counter-Defendants, | § § |
| v. | §  CIVIL ACTION NO.  1:19-cv-1034-XR |
| | § § |
| PARKSTONE PROPERTY OWNERS ASSOCIATION, INC., | § § § § |
| Defendant and Counter-Plaintiff. | § |

**Parkstone's Reply in Support of Entry of Judgment**

Parkstone files this Reply and would show this Court as follows:

**Plaintiffs need to comply with the Fifth Circuit's Judgment.**

Parkstone should not need to seek injunctive relief from this Court before Plaintiffs comply with the Fifth Circuit's Mandate especially when they lost their request for a stay of relief from that Court. Below are recent pictures showing Plaintiffs' non-compliance:



1



In the first picture there are at least eight cars (seven on the street and one on the driveway – the driveway is on the left side of the street with the gray car partially shaded by trees) and in the second picture there are at least six cars on the street. Not only have Plaintiffs failed to reduce the number of residents to six (which they concede), but they continue to use the street as a parking lot for Harmony Haus residents. The residents also frequently park on the right side of the street in front of Mr. Pye's house, a board member, to further antagonize him instead of using the driveway and garage to the left side of the street where the Residence is located.

Plaintiffs' disregard for the Fifth Circuit's ruling is highlighted by the fact that Harmony Haus generally has at least one resident leave per month (interrogatory answers from the first trial), and based on information and belief, Harmony Haus has had several people leave since the Fifth Circuit opinion occurred and appears to even have increased the number of residents back to twelve residents after the decision occurred. There is no valid reason Harmony Haus should still be at twelve residents right now (or near there) after the Fifth Circuit decision. The request for an August transition date is a delay tactic

while Plaintiffs presumably work on an appeal to the United States Supreme Court, despite any such appeal being based upon arguments already rejected by the Fifth Circuit.

Moreover, as demonstrated in the second lawsuit, Harmony Haus residents continue to ignore Parkstone's rules on a daily basis, commit multiple parking violations every day, and have committed well over 1,000 parking violations. They egregiously ignore Parkstone's rules and this Court's prior ruling requiring Harmony Haus residents to follow the dedicatory instruments, and now are ignoring a Fifth Circuit Judgment. Plaintiffs' counsel's trial schedule has no bearing on Harmony Haus's ability to reach six residents and have them follow the appellate decision.

Immediate injunctive relief is warranted both on the six residents and to follow Parkstone's dedicatory instruments so Plaintiffs can be held in contempt of court to ensure accountability. Plaintiffs' long-standing pattern of non-compliance, which continues to affect adversely both the environment for homeowners and the health and safety of Parkstone residents (safety concerns include egregious stop signing running by various Harmony Haus residents including an area where children are often at play and bicycling) needs to stop.

**For simplicity purposes, attorneys' fees can be decided now to avoid further delays with the first lawsuit.**

The only other issue raised in the Response outside of the timing of compliance, is the request for attorneys' fees related to breaches of Parkstone's rules. Contrary to how this claim is cast by Plaintiffs, the Fifth Circuit noted in its decision:

> Parkstone presented some evidence at trial regarding Harmony Haus' breaching the declaration's parking and noise-and-nuisance restrictions and reasserted the breach-of-contract claim in its post-trial brief, requesting injunctive relief.

3

(Parkstone Motion, Exhibit A, at p. 13 of Fifth Circuit Opinion). Indeed, substantial evidence was presented to show the breach of contract claim and specific record references establishing the breach of contract elements and request for injunctive relief were made to the appellate record and trial transcript in the post-trial brief.[1]

Harmony Haus would have this Court believe that despite that fact that the Fifth Circuit was presented with evidence of breaches of the rules, and despite the fact that the Fifth Circuit directed this Court to evaluate attorneys' fees under the *Texas Property Code* after the Fifth Circuit acknowledged such breaches, there are no breaches.

Plaintiffs are also incorrect in asserting there was a "paucity of evidence" (Response at p. 2) in the trial record. This Court made its waiver finding based on its interpretation of *post-trial briefing statements*, not the evidence at trial. And the Fifth Circuit has indicated some evidence was presented at trial.

With respect to the amount of legal fees to award, Parkstone's request for fees derive from the *Texas Property Code*, which provides:

> (a) In an action based on breach of a restrictive covenant pertaining to real property, the court shall allow to a prevailing party who asserted the action reasonable attorney's fees in addition to the party's costs and claim.
>
> (b) To determine reasonable attorney's fees, the court shall consider:
>   (1) the time and labor required;
>   (2) the novelty and difficulty of the questions;
>   (3) the expertise, reputation, and ability of the attorney; and
>   (4) any other factor.

---

[1] This was shown before the Fifth Circuit as the following: ROA.985-986, 1192-1220 (Declaration admitted on this at trial); ROA.991.94 (questions on Declaration provisions and breaches); and ROA.980-82 (testimony on noise, traffic, and safety issues). The elements for injunctive relief were also established and that is not contested in Plaintiffs' Response in any event. The applicable trial transcript references were also provided to this Court in *Defendant's Post Trial Brief Docket No. 25 at pp. 4 – 10, 31 - 33; 1:19-cv-01034-XR*.

4

Tex. Prop. Code § 5.06. Parkstone prevailed on its breach of contract claim as shown in its record references cited it in its post-trial brief and as acknowledged by the Fifth Circuit. Because the property code claims were against the homeowners, the legal fees award would be against Zhou and Du.

While Plaintiffs seek to delay any ruling by this Court on a Judgment and on legal fees, no further delay is warranted. Enclosed is an Affidavit in support of legal fees and costs establishing the requisite elements with a revised proposed Final Judgment for this lawsuit that incorporates such fees. (Exhibits 1, 2).

To avoid additional delays by Plaintiffs in this matter, the fees sought herein are tied to the *Texas Property Code* claim, as permitted by state law; the FHA case law is irrelevant as the fees are not from FHA issues and the fees have been *conservatively segregated*. Consequently, the only new issue presented in this Reply is *the amount of fees* related to the breach of contract issue, although given the non-extravagant and reasonable number Parkstone is seeking, no further reduction, nor briefing, is needed.

### PRAYER AND REQUESTED RELIEF

Parkstone requests this Motion be granted, that this Court enter the proposed Judgment as soon as possible (Exhibit 2), award Parkstone $6,000 in attorney's fees, make a conditional award of attorneys' fees for Parkstone if Zhou and Du challenge this issue further on appeal (as set forth in the attachments), and for such other and further to which Parkstone is entitled.

Respectfully submitted,

NIEMANN & HEYER, LLP
Westgate Building, Suite 313
1122 Colorado Street
Austin, Texas 78701
Telephone: (512) 474-6901
Fax: (512) 474-0717

/s/ Eric J. Hansum
Eric J. Hansum, Of Counsel
Texas State Bar No.:  24027225
erichansum@niemannlaw.com

**ATTORNEYS FOR THE PARKSTONE PROPERTY OWNERS ASSOCIATION, INC.**

## CERTIFICATE OF SERVICE

I certify that on June 23, 2021, I electronically filed the foregoing with the clerk of the court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Eric J. Hansum*
Eric J. Hansum

6